IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00563-RBJ

W.L. (BILL) ARMSTRONG;
JEFFREY S. MAY;
WILLIAM L. (WIL) ARMSTRONG III;
JOHN A. MAY;
DOROTHY A. SHANAHAN; and
CHERRY CREEK MORTGAGE CO., INC.,
a Colorado corporation,

    Plaintiffs,

v.

KATHLEEN SEBELIUS, in her official capacity as
Secretary of the United States Department of Health
and Human Services;
SETH D. HARRIS, in his official capacity as Acting
Secretary of the United States Department of Labor,
JACOB J. LEW, in his official capacity as Secretary
of the United States Department of Treasury;
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## ORDER

Plaintiffs have moved for an order reversing this Court's order of May 10, 2013, and therefore granting a preliminary injunction as requested, in light of the en banc decision in *Hobby Lobby Stores, Inc. v. Sebelius,* 2013 WL 3216103 (10th Cir. June 27, 2013). Defendants oppose the motion on two grounds. First, they suggest that *Hobby Lobby* is factually distinguishable from this case. Second, they note that the majority in *Hobby Lobby* only

resolved the first two elements of a preliminary injunction (likelihood of success on the merits and irreparable injury), and that the case therefore was remanded to the trial court to address the other two elements (balance of equities, public interest). They suggest that in this case, as in *Hobby Lobby,* those two elements were not expressly addressed by the trial court. Plaintiffs have not submitted a reply.

This Court did make it clear that it intended to follow the lead of the Tenth Circuit en banc panel once its decision was reached. I also note that on remand Judge Heaton addressed the two elements, resolved them against the government, and entered a preliminary injunction in plaintiffs' favor. *Hobby Lobby Stores, Inc. v. Sebelius,* no. CIV-12-1000-HE, 2013 WL 3869832 (W.D. Okla. July 19, 2013). The government's counsel in the present case served as the government's counsel on remand in *Hobby Lobby.* The government's opposition to plaintiffs' pending motion in the present case was filed the day before Judge Heaton's order was issued. I do not know whether this affects the government's thinking on the pending motion here.

Assuming that the government wishes to press its opposition to the entry of a preliminary injunction, the Court directs both parties, as promptly as possible and in any event no later than 14 days from this date, to address the following questions:

1. Does the plaintiffs' pending appeal in the present case deprive this Court of jurisdiction to enter the injunction as requested? *See, e.g., State of Colorado v. Idarado Mineral Co.,* 916 F.2d 1486, 1490 n.2 (10th Cir. 1990). *See also Pinson v. Pacheco,* 424 F. App'x 749, 754 (10th Cir. 2011); *Fairchild Semiconductor Corp. v. Third Dimension,* no. 2009-1168, 2009 WL 790105, at *1 (Fed. Cir. March 25, 2009). The only reference to this issue in the motion and response is the plaintiffs' reference to Fed. R. Civ. P. 62(c).

2. If this Court can address the issue, where in the record of this case does the Court find evidence relevant to the two unaddressed factors? If there is no evidence in the record, on what basis can this Court decide these issues without another hearing as was the case with Judge Heaton?

DATED this 1st day of August, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge