IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-00563-RBJ

W.L. (BILL) ARMSTRONG;
JEFFREY S. MAY;
WILLIAM L. (WIL) ARMSTRONG III;
JOHN A. MAY;
DOROTHY A. SHANAHAN; and
CHERRY CREEK MORTGAGE CO., INC.,
a Colorado corporation,

    Plaintiffs,

v.

SYLVIA M. BURWELL, in her official capacity as
Secretary of the United States Department of Health
and Human Services;
THOMAS E. PEREZ, in his official capacity as
Secretary of the United States Department of Labor,
JACOB J. LEW, in his official capacity as Secretary
of the United States Department of Treasury;
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## ORDER

The parties have stipulated that a permanent injunction may be entered in light of the Supreme Court's decision in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014). However, they cannot agree on the form of the injunction and instead appear to be jockeying for position on the next round of litigation that might develop if the law as it existed when the Court decided *Hobby Lobby* were to change. To be clear, this Court does not in this Order address any

statutory or regulatory changes in the law that might be enacted in the future. The Court intends only to apply the holding of *Hobby Lobby* to the named plaintiffs in this case.

In *Hobby Lobby* certain closely held, for-profit corporations and the individuals who owned or controlled them objected on religious grounds to the application to them of regulations that had been promulgated by the Department of Health and Human Services under the Patient Protection and Affordable Care Act of 2010. The Supreme Court held that the regulations, referred to as "the contraceptive mandate," violated the plaintiffs' rights under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb *et seq*. It appears to this Court, as it apparently does to the parties in this case, that the holding applies as well to the present plaintiffs. With that in mind,

1. This Court declares that the regulations promulgated by the Department of Health and Human Services under the Patient Protection and Affordable Care Act of 2010 described in *Hobby Lobby* as "the contraceptive mandate" cannot lawfully be applied to Cherry Creek Mortgage Co., Inc. or to the individual plaintiffs in this case.
2. Defendants, their officers and employees are permanently enjoined from any further effort to enforce "the contraceptive mandate" as described in *Hobby Lobby* against Cherry Creek Mortgage Co., Inc. or against the individual plaintiffs.
3. As the prevailing parties, the plaintiffs are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.
4. Judgment shall enter accordingly.
5. Any motion by plaintiffs for attorneys' fees pursuant to 42 U.S.C. § 1988(b) may be filed within 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2).

DATED this 29th day of September, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge